# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROGER FRANK KINCAID, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-1117-F |
| ) | |
| CARL BEAR, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Stephen P. Friot has referred the matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, the Petition [Doc. No. 1] has been promptly examined, and for the reasons set forth below, it is recommended that the action be summarily dismissed.

**I.  Background**

In 2011, Petitioner was convicted, by a jury, of First Degree Malice Aforethought Murder (Count 1) and Assault and Battery With a Deadly Weapon (Count 2), in Case No. CF-2007-3563, District Court of Oklahoma County, State of Oklahoma. *See* Pet. [Doc. No. 1] at pp. 1-2, ¶¶ 1-7.[1] The Oklahoma Court of Criminal Appeals affirmed the conviction. *See id.* at pp. 2-3.

In July 2014, Petitioner filed a prior federal habeas petition challenging this same conviction. *See Kincaid v. Bear*, Case No. CIV-14-736-F (W.D. Okla.) (Pet. filed July 11, 2014). On November 22, 2016, the Court denied the petition. *See id.* Order Adopting R.&R. [Doc. No.

---

[1] Citations to the Petition reference the Court's Electronic Case Filing (ECF) pagination.

34] and Judgment [Doc. No. 35]. On April 26, 2017, the Tenth Circuit Court of Appeals entered an Order Denying Certificate of Appealability. *See id*., Order [Doc. No. 42].

Petitioner commenced the present action on October 16, 2017. Petitioner responded "yes" to the question on the form Petition: "Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?" *See* Pet. at p. 11, ¶ 14. Petitioner states that "due to mental disabilities, unable to properly answer this." *See id*. He further references the fact that an "application to 10th Cir. for permission to file a 2nd 2254 has been mailed." *See id*. at p. 13, ¶ 18. Thus, Petitioner acknowledges that his current Petition is second or successive. Because Petitioner has not obtained prior authorization from the Tenth Circuit Court of Appeals to proceed with this action, it must be dismissed.

## II.     Screening Requirement

District courts must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Likewise, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue sua sponte at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co*., 459 F.3d 1044, 1048 (10th Cir. 2006); *see also* Fed. R. Civ. P.12(h)(3).

## III.    Grounds for Relief

In this action, Petitioner brings four grounds for federal habeas relief. In Ground One, Petitioner claims the Oklahoma courts lacked jurisdiction over him and, therefore, his conviction is void. Petitioner contends that because he is "an Indian, victim was an Indian, co-defendants were Indians, crime took place inside Indian reservation (Indian-County)" the federal courts have

exclusive jurisdiction over his crime. *See* Pet. at p. 5. He relies on a recent opinion of the Tenth Circuit Court of Appeals, *Murphy v. Royal*, 866 F.3d 1164 (10th Cir. 2017), to support his claim. Petitioner further claims that his conviction is void because there was no grand jury indictment. He also appears to challenge the sentence imposed, although the precise nature of the claim is unclear. In Ground Two, Petitioner claims that new evidence and witnesses prove his actual innocence. He further claims "jury summoning process deprived petitioner of a fair trial"; the state court lacked jurisdiction and "denial of due process and 6th amend. violations." *Id*. at p. 6. In Ground Three, Petitioner again references the Tenth Circuit's decision in *Murphy* and claims he is in custody in violation of "federal constitution, laws and treaty." *Id*. at p. 8. Finally, in Ground Four, Petitioner challenges Oklahoma's post-conviction "process" contending it is inadequate to protect his federal constitutional rights. *Id*. at p. 9.[2]

## IV. <u>Analysis</u>

Pursuant to 28 U.S.C. § 2244(b)(2), "[t]he filing of a second or successive § 2254 application is tightly constrained[.]" *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013). "Before a court can consider a second claim, an applicant must first 'move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Id*. (*quoting* 28

---

[2] Petitioner attaches records related to his second application for post-conviction relief in the Oklahoma state courts. It is unclear whether he intends to raise in this habeas corpus action all the additional grounds for relief raised in those state court proceedings. Even if Petitioner does include the additional grounds raised, it does not alter the conclusion that the Petition is second or successive. Moreover, the Oklahoma Court of Criminal Appeals (OCCA) deemed the claims raised subject to a procedural bar and affirmed the district court's determination that "Petitioner failed to show that there is any witness who, or any material evidence which, could not have been discovered, with due diligence, at the time of trial or direct appeal." *See* Order Affirming Denial of Subsequent Application for Post-Conviction Relief [Doc. No. 1-12]. To the extent the additional grounds raised in the post-conviction proceedings arguably are included as claims for federal habeas corpus relief in the instant Petition, these findings further support the denial of a transfer of the Petition to the Tenth Circuit Court of Appeals, based on the governing standards discussed infra.

3

U.S.C. § 2244(b)(3)(A)). "Section 2244's gate-keeping requirements are jurisdictional in nature, and must be considered prior to the merits of a § 2254 petition." *Id.* at 1027 (*citing Panetti v. Quarterman*, 551 U.S. 930, 942–47 (2007)); *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization.").

Here, Petitioner expressly acknowledges that he must seek prior authorization and that he purportedly has a request pending before the Tenth Circuit. Because he has not yet obtained that authorization, this Court lacks jurisdiction over the Petition and it should be dismissed without prejudice.

The Tenth Circuit has instructed that a district court may consider whether, pursuant to 28 U.S.C. § 1631, the petition should be transferred to the Circuit, rather than dismissed, if the transfer would be in the interest of justice. *In re Cline*, 531 F.3d at 1252. Petitioner's acknowledgment that Circuit authorization is required, but that he proceeded to file the instant Petition without first securing such authorization, dictates against a transfer. *See id.* (*citing Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006) (suggesting it is not in the interest of justice to transfer under § 1631 when a "plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

Additionally, a "fundamental procedural consideration counsel[s] against transfer[.]" *United States v. Tuyen Vu Ngo*, -- F. App'x --, No. 16-6361, 2017 WL 2858766 at *3 (10th Cir. 2017). To succeed on any new claims raised in the instant Petition, Petitioner would be required to make a prima facie showing that satisfies § 2244(b)(2)'s criteria which he has failed to do.[3] And, Petitioner has failed to demonstrate that any of his claims are likely to have merit. *In re Cline*, 531 F.3d at 1251 (addressing whether a claim is "likely to have merit" as a factor governing the interests of justice inquiry under § 1631).

In Grounds One and Three, Petitioner relies on the Tenth Circuit's *Murphy* decision to support his claim that the Oklahoma courts lacked jurisdiction over his crimes of conviction. But *Murphy* does not establish a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Indeed, in *Murphy*, the Tenth Circuit applied existing (and long-established) Supreme Court precedent, *Solem v. Bartlett*, 465 U.S. 463 (1984), as the "clearly

---

[3] Section 2244(b)(2) provides:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

established federal law" requiring that habeas relief be granted to the petitioner. *See Murphy*, 866 F.3d at 1189-1190.  And, Petitioner's *legal* challenge to the Oklahoma court's exercise of jurisdiction is not based on newly discovered evidence.  *Cf. Vu Ngo*, 2017 WL 2858766 at *3 (habeas petitioner's jurisdictional challenge to conviction premised on alleged errors in the indictment constituted a legal argument, available to the petitioner since the indictment was filed, and therefore did not warrant transfer of second or successive habeas petition).

Petitioner's claims raised in Ground Two are wholly conclusory in alleging that "new evidence and witnesses" prove his "actual innocence."  *Cf. Clark v. Uchtman*, 221 F. App'x 765, 767 (10th Cir. 2007) (refusing to grant authorization to file successive § 2254 petition where petitioner did not "rely on any newly discovered evidence" and "[h]is allegations of innocence [were] merely conclusory and not supported by any evidence whatsoever.").  To the extent Petitioner purports to raise other constitutional challenges, he fails to establish the factual predicate for those claims could not have been discovered previously.  Moreover, the OCCA affirmed Petitioner's conviction in December 2012.  *See* Pet. at p. 2, ¶ 9.  Thus, any claims Petitioner now brings appear to be time barred.  *See* 28 U.S.C. § 2244(d); *see also In re Cline*, 531 F.3d at 1251 (whether the claims would be time barred if filed anew is a factor the court should consider in addressing a transfer under § 1631).

Finally, the claim raised in Ground Four does not state a cognizable constitutional challenge to Petitioner's *conviction*.  Petitioner contends that the Oklahoma state courts do not enforce "time limits or procedures" set forth in Oklahoma's post-conviction act, do not conduct hearings, fail to address the merits of claims raised by making improper "summary denials," and fail to provide assistance to handicapped or disabled prisoners to litigate their claims.  *See* Pet. at p. 9.  None of these claims challenging Oklahoma's post-conviction procedures are cognizable on

federal habeas review. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the petitioner's] incarceration . . . states no cognizable federal habeas claim"); *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (holding that even if otherwise preserved, the petitioner's "claim challenging the Oklahoma post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"); *see also Arp v. McCollum*, -- Fed. App'x --, No. 17-5063, 2017 WL 3500051 at *3, 5 (10th Cir. 2017) (finding reasonable jurists could not debate the correctness of the district court's decision that petitioner did not raise cognizable habeas corpus claims where he "challenged Oklahoma's procedural rules regarding post-conviction applications, as opposed to trial errors in his case").

In sum, Petitioner does not rely on any new rule of constitutional law nor does he present newly discovered evidence that would be sufficient to establish by clear and convincing evidence that, "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii). Moreover, Petitioner's new claims appear to lack merit and/or would be untimely. For all these reasons, a transfer is not in the interest of justice. Therefore, the Petition should be dismissed for lack of jurisdiction.

## RECOMMENDATION

It is recommended that the Petition [Doc. No. 1] be summarily dismissed.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by November 29, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to

7

this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation by electronic mail to the Attorney General of the State of Oklahoma on behalf of Respondent at fhc.docket@oag.state.ok.us.

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

ENTERED this 8th day of November, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE