# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROGER FRANK KINCAID, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -vs- | ) Case No. CIV-17-1117-F |
| | ) |
| CARL BEAR, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

On November 8, 2017, United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation, recommending petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2254 be summarily dismissed. Magistrate Judge Jones found that the court lacks jurisdiction to entertain petitioner's habeas petition because it is a second or successive petition filed without authorization from the United States Court of Appeals for the Tenth Circuit. He also determined that it was not in the interest of justice for the court to transfer the habeas petition to the Tenth Circuit for authorization, pursuant to 28 U.S.C. § 1631, because (1) petitioner acknowledged the authorization requirement in his petition; (2) he failed to demonstrate satisfaction of the criteria of 28 U.S.C. § 2244(b)(2); and (3) he failed to demonstrate that his habeas claims are likely to have merit.

Presently before the court is petitioner's objection to the Report and Recommendation and petitioner's motion for appointment of counsel. As to the motion for appointment of counsel, the court finds the same should be denied. There is no constitutional right to counsel beyond the appeal of a criminal conviction and the appointment of counsel in a § 2254 proceeding is left to the discretion of the

court, unless an evidentiary hearing is required. Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). In the case at bar, no evidentiary hearing is required. The court declines to exercise its discretion and appoint counsel to assist petitioner in filing an objection to the Report and Recommendation or in filing an amended or corrected § 2254 petition. After reviewing petitioner's objection, the court finds that petitioner is capable of adequately articulating his arguments. The issues addressed by Magistrate Judge Jones in the Report and Recommendation are not complex and petitioner has addressed those issues sufficiently. As to the request of counsel to assist petitioner in amending or correcting the § 2254 petition, the court finds that such request is moot because the court, as stated below, concurs with the analysis of Magistrate Judge Jones. Because the court lacks jurisdiction over petitioner's § 2254 habeas petition, there is no need to amend or correct it. In sum, the court concludes that the interest of justice does not require the appointment of counsel for petitioner.

With respect to petitioner's objection to the Report and Recommendation, the court, pursuant to 28 U.S.C. § 636(b)(1), has conducted a *de novo* review of the matter. Having done so, the court concurs with the analysis of Magistrate Judge Jones. The court finds no purpose in repeating that analysis in this order. The court accepts, adopts and affirms the Report and Recommendation in its entirety.

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In order to obtain a certificate of appealability, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the court has dismissed petitioner's § 2254 habeas petition on procedural grounds, petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

After considering the record, the court concludes that petitioner cannot make the required showing.  Therefore, the court concludes that a certificate of appealability should be denied.

Based upon the foregoing, petitioner's motion for appointment of counsel (doc. no. 11) is **DENIED**.  The Report and Recommendation issued by United States Magistrate Judge Bernard M. Jones on November 8, 2017 (doc. no. 9) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**.  Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.  A certificate of appealability is **DENIED**.

IT IS SO ORDERED this 17th day of November, 2017.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-1117p002.docx